The next case on our calendar this morning is National Labor Relations Board v. Rochester Regional Joint Board. Good morning. May it please the Court, my name is Michael Herron. I'm here representing the Rochester Regional Joint Board. Seeking to have this Court refuse to enforce an order of the National Labor Relations Board which we believe ignores 40 years of settled law. This Court is not a passive conduit to approve NLRB orders. It is obligated to consider whether or not the facts of the case were properly incorporated in the order. The facts of this case are that the NLRB found the Section 22, Article 22 of the contract to be a lawful primary work preservation clause. Once it's determined to be a lawful primary work preservation clause, it is not subject to Section 8b-4 or 8e. But 8b-4, Mr. Herron, I mean, first of all, I think you have a waiver problem, and I wish you would address that. In the exceptions that you filed with respect to the ALJ's decision, there was no mention of 8b-4. There were mentions just of 8e and the Article 22 discussion. And my understanding is that the Board, through its regulations, applies a specificity requirement with respect to exceptions and applies it very rigorously. Why should we not accept the Board's argument that you've waived any argument about 8b-4? The waiver of the 8b-4 was to the whether or not if the Board found that Article 22 was a violated 8e, was a secondary provision, then there was no argument in 8b-4. The 8b-4, though, addresses conduct of the union, and 8e addresses an agreement. And am I right in understanding that 8b-4 was not mentioned anywhere in the exceptions? Am I right in that, that 8b-4 was not mentioned? What was mentioned is the question of it being a work preservation clause. If it's a work preservation clause, and national woodwork was cited, if it's a work preservation clause, it is not subject to 8e or, I'm sorry, 8b-4. But if it is not protected, if it's a secondary clause, then there's no defense that seeking arbitration violates 8b-4. What we waived was an argument that if the Court would — if the Board rejected our argument that it was a primary work preservation clause, then we concede that we violated 8b-4 by seeking arbitration. But that did not address the fact that one argument we've had from the day we made the opening statement to the ALJ is that this is a primary work preservation clause. Can't you have 8b violations without 8e violations? You can't have an 8b violation if it's a primary clause. You never have an 8b violation in the absence of an 8e violation? No. You never have an 8b violation in the absence of a secondary clause. Once the Board determined that this was a primary work preservation clause, it had to conclude that 8b-4 was not applicable. We explained that in — But if the Board or if the ALJ felt that — or I guess even more generally, if one concluded that the union was presenting an application or an interpretation of Article 22 that would have been unlawful, the required unlawful acts by the employer, then conduct meant to coerce the — that interpretation would be violative of 8b-4. Which is what our exception stated. We challenged the underlying principle that this was a secondary clause, did not challenge the fact — the issue of if it were a secondary clause, then seeking arbitration would violate 8b-4. I still don't really understand, as Judge Droney asked, how 8e and 8b-4 aren't separate. One addresses a contract provision. The other addresses conduct. And it seems to me that they can be separately enforced and understood, and that the failure to mention 8b-4 in the exceptions puts you in a very difficult position. The threshold issue is whether it's primary or secondary. If it is arguably secondary because of its language, it would violate 8e. But you could have a contract that violates the secondary that the employer agrees to voluntarily, and there's no violation of 8e, but there could be a violation of 8b-4 if the union seeks to enforce that through arbitration. But once the NLRB disagreed with the ALJ about Article 22 and said it was okay under 8e, then there could never be an 8b violation. Is that your view? On the basis that they stated that they'd said — No, ever. I don't care about the facts here. But can't there be an independent conduct violation? Yes. That's your answer. You can have a contract clause which does not violate 8e, which the union seeks to — The NLRB found and overruled the ALJ on that. Yes. That the contract clause was okay. Yes. But you still could have an 8b violation. With all respect, you cannot because of national woodwork. If it's a primary clause, neither of those sections reach it. We're not here arguing that the board was required to hear the issue. We're saying simply that the argument that the issue was not waived was raised — the question of whether it was a primary clause was raised. It was not mentioned in the general counsel's brief to the board, but in Mr. Hausknecht's brief to the board. He had a statement. He did not think we'd preserve that issue. We responded in a reply why we believe that having decided that it was a primary clause, it was raised. The board noted that argument. This Court has jurisdiction over any issue urged to the board, whether or not the board chose to decide it. What the board has done here is say that since they did not want to reach that issue, and they did not reach the issue — They found it was waived. They included a long footnote explaining why it was a separate issue and why it was waived. And what we're — our position is that the board cannot, by stating they will not reach an issue, issue an order and ask this Court to enforce an order, which there are no cases in the last 40 years where a lawful primary work preservation clause has been barred from going to arbitration. Yes, ma'am. In your papers to the National Labor Relations Board, did you take the specific provision that once the contract was — if the ALJ's determination with regard to the contract clause in question was reversed, that by its nature the ruling with regard to the 8B4 determination had to be reversed?  When you come back up for rebuttal, will you tell me exactly where you made that argument? Thank you. Thank you. Very good. Thanks very much. And Mr. Seid from the board. Good morning, Your Honor. May it please the Court, David Seid from the Labor Board. There are four key points as to why the board is entitled to some reinforcement that the union violated Section 8B4, none of which are seriously disputed. First, the union acknowledges that the 12 exceptions that it filed before the board did not mention Section 8B4. Second, it acknowledged in the reply brief and essentially acknowledged an argument this morning that Section 8B4 and Section 8E can operate independently of each other, so that even if there might be a facially valid contract clause that doesn't violate on its face Section 8E, it can be interpreted or applied in a manner that nevertheless violates Section 8B4 of the Act. Third, the decision of the administrative law judge cited to several cases where the view is that even though the clause itself might be legitimate under the National Labor Relations Act, it's not coercive or violating the rule with regard to secondary work, that urging its interpretation in a particular manner could be. That is correct, Your Honor. And the judge's – the administrative law judge's decision cited to several cases where independent of a Section 8E violation, there was nevertheless a Section 8B4 violation. The general counsel argued before the administrative law judge that regardless of whether Article 22 is facially invalid, there was still in the manner that the union was going about here in the way it was being interpreted, there was still a violation of Section 8B4. In those cases, again, they were cited in the judge's decision, they were cited in the board's brief. The union before this Court has not disputed any of those cases or any of those principles, so it was clearly on notice. I thought he was disputing it. I thought he said you had to have a violation of – that Article 22 had to be a violation in order to go with the conduct violation. Your Honor, the union has kind of gone back and forth on that, and quite frankly, with all due respect, it's been a little confusing to the board itself as to what the union has argued. But ultimately, in the union's reply brief to this Court, and I think at argument again this morning, union counsel has recognized that Section 8B can operate independently of whether or not there's a Section 8B4 violation. But the ALJ herself in adjudicating this rested the 8B4 determination on the illegality finding about Article 22, the 8E finding, right? Your Honor, the administrative law judge ultimately cited and referred to cases where Section 8B4 was violated independently of Section 8E. And if the union felt that the judge's decision was improper either legally or factually with respect to the 8B4 finding, it was incumbent at the proper time for the union to raise exception. Well, I think what they're saying, though, is that they accepted to the judge's finding with respect to 8E and the Article 22 meeting, and that from the ALJ's finding necessarily on 8B4 necessarily flowed from the 8E finding that it was unnecessary to flag the 8B4 finding as well because the judge had treated them together. But, Your Honor, the judge had a separate finding with respect to 8B4, a separate discussion with respect to 8B4. And the judge never explicitly states that because there's a violation of Section 8E, there is therefore a violation of Section 8B4. And, again, the judge cites the cases where Section 8B4 is violated completely independently of whether or not there's a Section 8E violation. Those cases are also cited in the board's brief. The union, in its reply brief, simply ignores those cases. And it was incumbent, again, at the proper time before the board, when the union filed exceptions, if it felt that the judge had failed to give either a proper legal or factual underpinnings for the 8B4 finding, to make an exception at that time. And the only exceptions that were filed were specifically about the Section 8E finding. Did the judge make a finding about the union's intent in pursuing the conduct? Your Honor, the — That's large. Sure. Your Honor, the administrative law judge did reference the agreement between Xerox and JLL as subcontracting. The judge did not refer to this as a transfer of operations and giving up of control. So it's either implicit or explicit within the judge's finding that there was an interpretation here that was unlawful. But even putting that aside, again, this is not a substantial evidence question before this Court as to whether or not the judge could have or might have or should have done something a little bit more to fully flesh out the 8B4 finding. It was incumbent upon the union before the board to set forth in its exceptions. And clearly, from the exceptions that it did set forth with respect to 8E, it clearly understood the board rules. It set forth some very specific exceptions, the grounds for those exceptions, the lines of the administrative law judge's decision that it was taking issue with. And then when it gets to the 8B4, there is simply no exception to any of those lines within that administrative law judge. The union did raise the point, though, in its motion for reconsideration and maybe in the reply brief before the board. So the board wouldn't have been blindsided necessarily by this claim, right? Your Honor, under the board's rules and regulations, which are very specific and very clear-cut, an exception needs to be timely raised, and that means raising it in the exceptions to the board. And it would need to show extraordinary circumstances for why it wasn't raised in the exceptions, for why it was being raised for the first time later. It is not shown or even alleged any extraordinary circumstances at any point of this proceeding, whether before the board or now before this Court. And I would point out, I know that union counsel has made a reference to intervening counsel having raised the waiver issue before the board. There's no requirement that either the general counsel or an intervening counsel raise a waiver issue before the board. The board, given its rules, it's not dependent on a party. This is a jurisdictional issue before the board that if an argument isn't raised before it, that it is waived, and it does not require it. But specifically made that conclusion, right, in footnote 1? That's correct, Your Honor. It did not waive its right to challenge? That's correct, but it was not dependent on having that being brought to its attention. When the board decides cases, that is something that the board will be looking at and considering whether arguments that are being raised to it are waived, if they've been properly objected to. It's not contingent on a party bringing it to the board's attention. Do we owe deference to the board's determination about waiver? Yes. The Court does owe deference. As this Court set forth in the KBI case, which is cited in the board's brief, the board is owed a tremendous amount of discretion in applying its own rules and its interpretation of its rules. And I believe the language that the Court used in that case was that the board's decision would have to be so arbitrary to defeat justice. And that was a standard that was set forth in the board's opening brief. The union in its reply brief has not made any attempt to address that standard or the very high burden that it has before this Court. And I would also point out that although union counsel has suggested that the AP4 violation simply be dismissed, in essence there would have to be a remand back to the board to consider the issue, and that would be raising the exact purpose and intent of Section 10A of the Act, which is designed to avoid piecemeal litigation, that over a year after the board's decision, that the union would want this case to first go back to the board to consider the merits of an issue that wasn't timely and properly raised to it. And unless this Court has any further questions, the board would simply ask that this Court enforce the board's order and summarily enforce the Section AP4 violation. Thank you very much.  Mr. Hausknecht. Good morning. May it please the Court, my name is Michael Hausknecht, Nixon Peabody here on behalf of Xerox Corporation, the intervener here. I'll try to avoid covering the same items as Mrs. Board Counsel. I want to address what I think is a key contention from union counsel, Mr. Herrin, that I believe is incorrect. He repeated in his brief multiple times in here this morning that his opinion that the board determined that Article 22 of the labor agreement was a valid primary work preservation clause. And I want to take issue with that. If you read the board decision, which I'm sure you've done and I've scoured it, nowhere in the board decision does the board say that it is a primary provision or that it's justified by work preservation. What the board says is that under its reading of section of that article, in the board's view, which is distinct, and this is where the board disagreed from the judge, in the board's view that Article 22 does not necessarily prohibit a doing business relationship. Section 8E of the Act prohibits agreements where the parties agree not to do business, where one of the parties, say the employer Xerox, agrees not to do business with another employer. That's what 8E focuses on. What does the agreement prohibit? And doing business is the kind of agreement prohibited by section 8E. The board said Article 22 doesn't interfere with doing business. All it says is if you're going to sell the company or transfer control of the assets of the company to another party, we want that party to assume the labor agreement. Many, many cases, including cases decided by this Court, recognize that that selling a business, selling the assets of a business, is not doing business within the scope of that term used in 8E. And the judge got that wrong, according to the court. Sotomayor, the article does say transfer of operational control, I think, right? The article does. That's correct. But the judge concluded in her factual determinations not accepted to by the union that this was a regular subcontracting relationship, that this was just ordinary subcontracting. Xerox is arranged for JLL to perform certain work for it, which includes work previously done by the union's members, by bargaining unit members. So it's a traditional subcontracting relationship. And cases are legion, cited in our briefs, and I'm happy to recite them to you now, that recognize that in a subcontracting relationship, which is doing business under Section 8E, you can't require that the subcontractor assume or be signatory to a union agreement. So that's really the decision. The judge thought that all lessees are doing business with the lessor, and that was the basis for her finding Article 22 to be unlawful, a lessee-lessor relationship being doing business. The board said no, the way that Article 22 was written, it doesn't cover all lessees, therefore, we're not going to find it unlawful on its face. But the board's ruling is limited to Article 22 on its face. The board didn't address what the union is trying to do with Article 22, applying it to prevent Xerox from doing business with JLL, which is what we're complaining about. Thank you very much. All right, thank you very much. Mr. Herring, you have three minutes of rebuttal. Judge Wesley, I believe the issue was raised both in the reply brief, but certainly in the reconsideration, I don't have either of them in the record. Fair enough. Thank you, Mr. Herring. I will note that the board, in its decision at footnote one, noted that we reject the respondent's contention made for the first time in his reply brief that did not waive 8B-4. So that was clearly before the board. The issue we wish to have before the court is the ALJ found an AD violation, went on and considered whether 8B-4 was violated by two actions, found it was not as to the first, it was to the second. Neither of those were premised on an independent violation of 8B-4. Both of them were drawn from the predicate that 8E was violated by Section 22. The exceptions were timely raised. I'm sorry, the exceptions did raise the question of, are any of this subject to secondary pressure? Thank you. Thank you very much. We'll reserve decision. Journey home.